**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

UNITED STATES OF AMERICA, for    *
the use of GOFF ELECTRIC, INC.,   *
and GOFF ELECTRIC, INC.,          *
                               *
     Plaintiffs,             *
                               *
       v.                *      CV 123-005
                               *
THE DEFCOMM GROUP, LLC; REUBEN   *
MARK WARD; UNAMI, LLC; and     *
ARGONAUT INSURANCE COMPANY,     *
                               *
     Defendants.             *
                               *

## O R D E R

Before the Court is Plaintiff Goff Electric, Inc.'s ("Goff") motion for leave of court to pursue additional post-judgment discovery. (Doc. 22.) For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs filed their complaint against all Defendants on January 9, 2023. (Doc. 1.) Defendant Reuben Ward ("Mr. Ward") was served with summons in this case on January 14, 2023. (Doc. 22, at 1.) Four days later, Mr. Ward's wife, Lynette Ward ("Mrs. Ward), filed a pro se complaint for divorce in the Superior Court of Chatham County, Georgia. (Id.) A separation agreement signed by both spouses stated Mrs. Ward would receive all marital property

and Mr. Ward would be responsible for all marital debt. (Id. at 2.) At the time Mr. Ward agreed to transfer his interest in the marital assets, the total value of the property was $2,305,000.00. (Id.) Plaintiff Goff argues that the purpose of this agreement was "to hide assets from a judgment creditor such as Plaintiff." (Id.) Plaintiff Goff contends that the divorce has yet to be finalized as recently as October 2025. (Id.)

On July 21, 2023, Plaintiff Goff obtained a money judgment against Mr. Ward including: (1) principal in the amount of $156,960.00; (2) pre-judgment interest in the amount of $13,967.29; (3) litigation expenses and attorney's fees totaling $12,764.47; and (4) post-judgment interest which is continuously accruing. (Id.) On July 25, 2023, Plaintiff recorded the judgement with the Clerk of the Superior Court of Chatham County, Georgia, and a writ of execution was executed shortly after. (Id. at 2-3.) Mr. and Mrs. Ward were served with post-judgment interrogatories and requests for production of documents on August 28, 2023, and "have completely failed to respond to Plaintiff's post-judgment interrogatories." (Id. at 3.) Mr. and Mrs. Ward were also deposed on September 13, 2023, for the purpose of identifying which assets were available to satisfy the judgment against Mr. Ward. (Id.) Both spouses failed to produce requested documents at their depositions. (Id.) As of the date of Plaintiff

2

Goff's motion, Mr. Ward has not satisfied any portion of the judgment.  (Id. at 4.)

On October 28, 2025, Plaintiff Goff filed its motion for additional post-judgment discovery.  (Doc. 22.)  Defendants did not respond.

## II.  LEGAL STANDARD

When a party prevails in litigation, it may obtain post-judgment discovery "[i]n aid of the judgment or execution."  FED. R. CIV. P. 69(a)(2).  Rule 69 is "intended to establish an effective and efficient means of securing the execution of judgments.  As part of that process it provides for the securing of information relating to the assets of the judgment debtor."  United States v. McWhirter, 376 F.2d 102, 106 (5th Cir. 1967).[1]  A judgment creditor may use all methods of discovery authorized by the Federal Rules of Civil Procedure to identify a judgment debtor's assets in aid of execution.  See FED. R. CIV. P. 69 advisory committee's note to 1970 amendment.

Rule 69(a) also states that the proceedings and execution of a money judgment must be in accord with the procedure of the state where the court is located.  FED. R. CIV. P. 69(a).  Under Georgia law, "the judgment creditor . . . may do any or all of the

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

following," in aid of a judgment or execution: "(1) Examine any person, including the judgment debtor by taking depositions or propounding interrogatories; [and] (2) Compel the production of documents or things . . . in the manner provided in this chapter for such discovery measures prior to judgment." O.C.G.A. § 9-11-69.

## III. DISCUSSION

The Court entered judgment in favor of Plaintiff Goff on July 21, 2023. (Doc. 17, at 2.)  To date, Mr. Ward has failed to pay any amount towards the judgment.  (Doc. 22, at 4.)  It is said that the "dignity of a court derives from the respect accorded its judgments." Degen v. United States, 517 U.S. 820, 828 (1996).  An inability to enforce money judgments undermines respect for the courts and the law.  Plaintiff Goff now seeks to re-depose Mr. and Mrs. Ward to identify the assets available for satisfaction of the judgment.  (Doc. 18, at 1; Doc. 22, at 5.)  The Court agrees with Plaintiff Goff's argument that "[t]he burden of the proposed additional post-judgment discovery does not outweigh its likely benefit and is proportional to the need of Plaintiff in enforcing the [j]udgment," and therefore finds it is not overly burdensome to re-depose Mr. and Mrs. Ward.  (Doc. 22, at 5.)

Further, under Rule 69(a)(2), "the requested information must be relevant to satisfaction of the judgment," such as "obtaining

4

information on hidden or concealed assets, including assets that may have been fraudulently transferred." Talentscale, Inc. v. Aery Aviation, LLC, 802 F.Supp.3d 1370, 1378 (N.D. Fla. 2025) (citation omitted). The information Plaintiff Goff seeks is directly relevant. Based on the facts provided, the Court finds there is a need to identify which assets are currently available given Mr. and Mrs. Ward's pending divorce and their possible attempt to conceal or transfer assets to avoid the judgment creditor. Lastly, Georgia law permits Plaintiff Goff to take depositions of the judgment debtor or "any person" in aid of the judgment or execution. O.C.G.A. § 9-11-69. As such, Plaintiff Goff's motion (Doc. 22) is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Goff's motion to pursue additional post-judgment discovery (Doc. 22) is **GRANTED.** Plaintiff may re-depose Mr. and Mrs. Ward pursuant to the procedures outlined in Rule 69(a)(2) and O.C.G.A. § 9-11-69.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of April, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

5